IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IRMA DEL CARMEN CANALES HERNANDEZ, | § § § | |
| Petitioner, | § § § | |
| v. | § § | CAUSE NO. EP-26-CV-1015-KC |
| MARKWAYNE MULLIN et al., | § § § | |
| Respondents. | § § | |

**ORDER**

On this day, the Court considered the case.  Irma Del Carmen Canales Hernandez filed a Petition for a Writ of Habeas Corpus, ECF No. 1, arguing that her detention has become unlawfully prolonged.  The Court ordered Respondents to show cause why the Petition should not be granted.  Apr. 13, 2026, Order, ECF No. 3.  Respondents argue that Canales Hernandez's is subject to mandatory detention under 8 U.S.C. § 1225(b) as interpreted by the Fifth Circuit in *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026) and her detention is lawful under the Due Process Clause.  *See generally* Resp.

Canales Hernandez argues that the Court should grant the Petition and order her immediately released because Respondents "fail[] to substantively address [her] arguments regarding prolonged detention and humanitarian parole" and thus "have waived any argument in opposition . . . on those issues."  Reply 1–2, ECF No. 9.  Although Respondents may not have perfectly addressed Canales Hernandez's claims as framed in the Petition, they argue that neither procedural due process nor substantive due process entitle Canales Hernandez to a bond hearing or release.  *See* Resp. 19–28.  Accordingly, the Court does not find that Respondents have waived their opposition to Canales Hernandez's prolonged detention claim.

Individuals detained at the border and never released may bring a claim of prolonged detention in the pre-removal order context. *See, e.g., Maldonado v. Macias*, 150 F. Supp. 3d 788 (W.D. Tex. 2015). The permissible extent of prolonged mandatory immigration detention under the Due Process Clause is a complicated issue, on which courts have employed differing analyses and reached disparate outcomes. *See, e.g., Alves v. U.S. Dep't of Justice*, No. 3:25-cv-306-KC, 2025 WL 2629763, at \*2–4 (W.D. Tex. Sept. 12, 2025). Although there is no defined point at which detention becomes unreasonably prolonged, this Court has found that detention exceeding twenty-six months in the pre-entry, pre-final-removal order context is unreasonable. *Maldonado*, 150 F. Supp. 3d at 809–811.

Here, although Canales Hernandez previously lived in the United States for over twenty years, she left in 2024 on an emergency trip to visit her sick mother, and, upon her return, presented herself at a port of entry and was detained. *See* Pet. ¶¶ 25–28. She has been detained since and for the pendency of her removal proceedings, which are on appeal with the Board of Immigration Appeals as of January 22, 2026.[1] Canales Hernandez has now been detained for approximately sixteen months. *See id.* ¶ 28. This, however, falls short of the length of detention other courts have found to be unreasonably prolonged for noncitizens in Canales Hernandez's position.

Accordingly, the Court **ORDERS** that Respondents shall **FILE** an advisory by **no later than August 31, 2026**, specifying (1) whether Canales Hernandez is still in immigration detention, (2) the status of Canales Hernandez's immigration proceedings, and (3) any additional arguments or information relevant to the adjudication of this matter.

   **SO ORDERED**.

---

[1] On December 23, 2025, an Immigration Judge granted Canales Hernandez withholding of removal to El Salvador but denied her applications for asylum and cancellation of removal, which she appealed. Pet. ¶¶ 29, 31.

3

SIGNED this 30th day of April, 2026.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE