**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **IRMA DEL CARMEN CANALES HERNANDEZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1015-KC** |
| | § | |
| **MARKWAYNE MULLIN et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

On this day, the Court considered Irma Del Carmen Canales Hernandez's Petition for a Writ of Habeas Corpus, ECF No. 1. For the following reasons, the Petition is **GRANTED IN PART**.

## I. BACKGROUND

### A. Arrival in the United States

Canales Hernandez first came to the United States over twenty-years ago fleeing abuse. Pet. ¶¶ 20, 22. Upon her arrival, she was processed by Customs and Border Protection ("CBP") and released. *Id.* ¶ 22. Canales Hernandez built a life for herself in the United States and has three United States citizen children. *Id.* ¶¶ 23–24. On July 20, 2024, Canales Hernandez left the United States on an emergency trip to El Salvador to visit her sick mother, who was in a coma. *Id.* ¶ 25. During this trip, she was again subjected to the same abuse that made her flee her country in 2005. *Id.*

### B. Immigration Proceedings

She again fled El Salvador and arrived in the United States on September 22, 2024, at which time she created a CBP account and requested an appointment at a port of entry. *Id.* ¶ 26.

On December 10, 2024, Canales Hernandez appeared for her appointment, expressed a fear of returning to El Salvador, and was detained. *Id.* ¶¶ 27–28. She has been detained since then. *Id.* ¶ 28. On December 23, 2025, an Immigration Judge ("IJ") granted her withholding of removal under the Convention Against Torture but denied her request for asylum and cancellation of removal. *Id.* ¶¶ 29–31. On January 22, 2026, Canales Hernandez appealed the IJ's denial, which remains pending with the Board of Immigration Appeals ("BIA"). *Id.* ¶ 31. Canales Hernandez has applied for humanitarian parole on multiple occasions, but has received no response. *See* ¶¶ 32–38.

### C. Procedural History

On April 8, 2026, Canales Hernandez filed this Petition, challenging the legality of her detention on constitutional grounds, *id.* ¶¶ 77–113, and asking the Court to order Respondents to release her on her own recognizance, under parole, or reasonable conditions of supervision, *id.* at 37. On April 13, the Court ordered Respondents to show cause why the application for a writ of habeas corpus should not be granted. Show Cause Order, ECF No. 3.

In answer to the Court's Show Cause Order, Respondents argued that 1225(b)(2)(A) mandatory detentions are constitutionally sound, as they are "'of a much shorter duration" and "ha[ve] a definite termination point,'" compared to the unconstitutionally indefinite post-final removal order detentions proscribed by *Zadvydas v. Davis*, 533 U.S. 678 (2001). Resp. 26–27, ECF No. 7.

Canales Hernandez filed her Reply, arguing that Respondents "fail to identify any legal or factual basis distinguishing this case from this Court's long line of decisions granting habeas relief on procedural due process grounds, and in fact fail to address Ms. Canales's primary arguments at all." Reply 1, ECF No. 9.

On April 30, this Court ordered Respondents to file an advisory by August 31, specifying (1) whether Canales Hernandez is still in immigration detention, (2) the status of Canales Hernandez's immigration proceedings, and (3) any additional arguments or information relevant to the adjudication of this matter. On August 31, Respondents informed this Court that Canales Hernandez was still detained, awaiting a decision by the BIA on her appeal. Status Report, ECF No. 12; *accord* Pet.'s Status Report, ECF No. 13.

## II. ANALYSIS

Canales Hernandez argues that the length of her detention—now over twenty months—has become so prolonged that it amounts to a due process violation to continue to detain her without an individualized custody determination.[1]

Individuals detained at the border and subject to mandatory detention under § 1225(b) may still bring a claim for prolonged detention under the Fifth Amendment. *See, e.g., Arshakyam v. Warden*, No. 25-cv-1780, 2026 WL 143143 (E.D. Cal. Jan. 20, 2026); *Mbalivoto v. Holt*, 527 F. Supp. 3d 838 (E.D. Va. 2020); *N.M.Z. v. Wolf*, No. 20-cv-24, 2020 WL 2813557 (S.D. Tex. May 28, 2020); *Jamal A. v. Whitaker*, 358 F. Supp. 3d 853 (D. Minn. 2019); *Lett v. Decker*, 346 F. Supp. 3d 379 (S.D.N.Y. 2018), vacated on appeal as moot, 2020 WL 13558956 (2d Cir. July 30, 2020); *Maldonado v. Macias*, 150 F. Supp. 3d 788 (W.D. Tex. 2015). The permissible extent of prolonged mandatory immigration detention under the Due Process Clause is a complicated issue, on which courts have employed differing analyses and reached disparate outcomes. *See, e.g., Alves v. U.S. Dep't of Justice*, No. 3:25-cv-306-KC, 2025 WL 2629763, at *2–4 (W.D. Tex. Sept. 12, 2025).

---

[1] The statute does not give noncitizens detained at the border upon initial entry any right to a bond hearing. 8 U.S.C. § 1225(a)(1), (b). Canales Hernandez concedes as much. *See* Pet. ¶ 80.

Many courts have understood this fact intensive inquiry in terms of three "primary factors": (1) the length of time the person has been detained, (2) which party is responsible for delays, and (3) whether the person has asserted defenses to removal. *Perez v. Decker*, No. 18-cv-5279, 2018 WL 3991497, at *4 (S.D.N.Y. Aug. 20. 2018) (citation omitted). The Court finds this framework persuasive and applies it here.

**A. Length of Detention**

Turning first to the length of detention, Canales Hernandez has been detained since her arrival to the United States on December10, 2024. Pet. ¶¶ 22. As of the date of this Order, she has been detained for nearly twenty-one months. And her petition for review is still pending before the BIA, which can take months to reach a decision. *See* 8 C.F.R. § 1003.1(b). Even then, further review of any BIA decision would remain available through a petition to the regional circuit court. 8 U.S.C. § 1252. All told, "some individuals must wait years to have their cases adjudicated." U.S. Immigration Courts and the Pending Cases Backlog, Congressional Research Service, https://www.congress.gov/crs_external_products/R/PDF/R47077/R47077.2.pdf (Apr. 25, 2022).

Canales Hernandez has been detained for longer than other petitioners whose detention was held to be unreasonably prolonged at the BIA stage. In *Da Silva*, for example, the court found that detention for twelve months was prolonged, even where proceedings had advanced to the BIA stage. *See Da Silva v. Nielsen*, No. 18-mc-932, 2019 WL 13218461 (S.D. Tex, Mar. 29, 2019) (collecting cases); *see also Maldonado*, 150 F. Supp. 3d at 811 (twenty-six months at BIA stage was "clear[ly] . . . . unreasonable"). Here Canales Hernandez has been in custody for over twenty-one months. Therefore, this factor weighs in favor a finding that Canales Hernandez's detention has become unreasonably prolonged.

**B. Comparative Responsibility**

Turning to the second factor—which party is responsible for the delays—there is nothing in the record to suggest that Canales Hernandez requested any extensions or continuances that delayed her immigration proceedings. *See generally* Pet.; Resp.; Reply; Status Report. Nonetheless, it took over four months for the BIA to even set a briefing schedule. Pet. ¶ 85. And after approximately nine months, her appeal remains pending. Therefore, this factor weighs in favor of Canales Hernandez.

**C. Defenses to Removal**

The Court now turns to the third factor, whether the person has asserted defenses to removal. An IJ has already granted Canales Hernandez withholding of removal under the Convention Against Torture ("CAT"), finding Canales Hernandez more likely than not to face torture in her home country. Pet ¶ 29. However, the CAT claim is not a complete defense to removal, but instead, grants protection from removal to a specific country. *See Johnson v. Guzman Chavez,* 594 U.S. 523, 536–37 (2021). The IJ denied Canales Hernandez's applications for asylum and cancellation of removal. Pet. ¶ 31. Because Canales Hernandez's grant of CAT is only a partial defense to removal, this factor weighs neutrally.

In sum, two factors weigh in favor of a finding of prolonged detention and one is neutral. Balancing the factors and the totality of the circumstances in this fact intensive inquiry, the Court finds that Canales Hernandez's detention without an individualized custody determination has become unconstitutionally prolonged. The Petition is granted in part on that basis. As to the appropriate form of relief, the Court joins the many district courts that have determined that mandating an individualized custody determination is the appropriate remedy for prolonged

detention in the pre-final removal order context.[2] *See, e.g.*, *Da Silva v. Nielsen*, No. 18-mc-932, 2019 WL 13218461, at *12 (S.D. Tex. Mar. 29, 2019); *Lett*, 346 F. Supp. 3d at 388–89.

## III. CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED IN PART**. The Court **ORDERS** that, **on or before September 10, 2026**, Respondents shall either: (1) provide Canales Hernandez with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Canales Hernandez's continued detention; or (2) release Canales Hernandez from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before September 10, 2026**, Respondents shall **FILE** notice informing the Court whether Canales Hernandez has been released from custody. If Canales Hernandez has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**IT IS FURTHER ORDERED** that if Canales Hernandez is released from custody, Respondents shall **RETURN** all of her personal property in their custody to her upon release. Such property includes, but is not limited to, identification documents.

**There will be no extensions of the September 10, 2026, deadlines**, unless they fall on a weekend or holiday, in which case, the deadlines are extended to the following business day.

---

[2] Respondents make a number of legal arguments about the viability of due process claims for noncitizens subject to mandatory detention, all of which the Court has either already rejected in recent, similar cases or need not reach. *See, e.g., Gomez Hernandez v. ICE Field Off. Dir., El Paso, Tex.*, No. 3:26-cv-67-KC, 2026 WL 503958, at *2 (W.D. Tex. Feb. 23, 2026) (citations omitted).

**Respondents are CAUTIONED that a proceeding in which bond is denied by the IJ for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with this Order, and therefore requires release from custody**.

**SO ORDERED**.

**SIGNED this 3rd day of September, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE