**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CAUSE NO. EP-26-CR-02175-DB** |
| **JOSEPH ALBERTO AGUILERA LECUNA,** | § | |
| **Defendant.** | § | |

**PROTECTIVE ORDER GOVERNING DISCLOSURE**
**OF DISCOVERY MATERIALS**

Before the Court is the government's unopposed motion pursuant to Federal Rule of Criminal Procedure 16(d)(1) for a protective order governing disclosure of discovery materials. The Court finds that good cause has been established to restrict discovery in this case and that this Protective Order is a reasonable measure that protects the rights of Defendant, witnesses, and other persons whose information is contained in the discovery. The Court has therefore determined that the motion should be and hereby is granted. Therefore, pursuant to Rule 16(d)(1), and the inherent authority of this Court, the following is hereby ORDERED in this case:

1. All discovery produced by the United States in this case is subject to this protective order and may be used by Defendant and his counsel solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. All discovery produced by the United States in this case:

   (a) shall not be released or disseminated to any person, including but not limited to Defendant's family members and/or Defendant's associates. Counsel may discuss the information in the Discovery Material with potential witnesses and/or their counsel as necessary to prepare the defense but may not show or provide copies without

prior permission of the Court;

(b) shall not be copied except to provide copies for use in connection with this case by Counsel and other persons to whom the Court may authorize disclosure. Counsel refers to defense counsel (defined as counsel of record in this case, including any post-conviction or appellate counsel) and any investigators, paralegals, retained experts, and support staff who are advising or assisting defense counsel in connection with this case; and

(c) shall not be provided to, or kept by, Defendant, except that Counsel may show the records to Defendant and discuss the information with Defendant;

3. Any attorney of record who is retained or appointed to represent Defendant or who is later relieved of representation of Defendant is bound by the terms of this Order unless excused from its terms by Court order.

4. Upon conclusion of all stages of this case, all discovery materials and all copies made thereof shall be destroyed or returned to the United States, unless otherwise ordered by the Court, and the Court may require a certification as to the disposition of any such materials.

5. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except that any document filed by any party which attaches or otherwise discloses sensitive information shall be filed under seal to the extent necessary to protect such information, absent prior permission from this Court.

6. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

IT IS SO ORDERED.

Signed this 10th day of September 2026.

**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**